NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0595n.06
Filed: October 2, 2008

Case No. 07-6261

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MICHAEL JOHNSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| METROPOLITAN GOVERNMENT OF | ) | |
| NASHVILLE, *et al.*, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: SILER, BATCHELDER, and ROGERS, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Michael Johnson appeals the district court's

order dismissing, under Federal Rule of Civil Procedure 12(b)(6), his 42 U.S.C. § 1983 claims that

the Metropolitan Government of Nashville, Davidson County, and Officer John Storment violated

his Fourteenth Amendment substantive due process rights to personal security and bodily integrity.

Johnson claims that he called the Metro Police to report that he had located his minivan, which had

been stolen the previous day; that Officer Storment responded to the location of the stolen vehicle

and told Johnson that if he wanted to prosecute the thieves, he would have to remain at that location

until other officers arrived to dust the vehicle for finger prints, but that Storment himself could not

stay because his shift was over; that Storment departed the scene, and shortly thereafter, three men

arrived and attempted to get into the vehicle; and that when Johnson attempted to stop these men

from getting into the vehicle, one of them engaged him in a struggle and shot him. Johnson's

complaint alleges that Officer Storment's actions, taken under color of law, created a special relationship between Johnson and the defendants and placed him in a situation of state-created danger, resulting in the deprivation of his rights to liberty and bodily integrity. The complaint further alleges that Officer Storment's actions were the result of Metro's (and by implication Davidson County's, although the complaint contains no such specific allegation) custom and policy of failing to train their police officers — including Officer Storment — properly.

The district court held that the allegations in the complaint are wholly insufficient to state a claim for relief. Taking the factual allegations of the complaint as true, the court held, they do not state a claim of deprivation of substantive due process under either the theory that Officer Storment, through his actions, created a special relationship with Johnson that obligated the state to take responsibility for his safety, or the theory that Officer Storment's actions were affirmative acts constituting or resulting in state-created danger. The district court therefore dismissed the claims with prejudice.

After carefully reviewing the record, the applicable law, the parties' briefs, and counsels' arguments, we are convinced that the district court did not err in its conclusions. The district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, and issuance of a full written opinion by this court would serve no useful purpose. We think it is necessary, however, to add a brief discussion of the state-created-danger claim. After correctly setting out the elements of such a claim, the district court confined its analysis to the first of those, namely, the affirmative act by the state that created or increased the risk that the plaintiff would be exposed to an act of violence by a third party, and, having concluded that the complaint failed to allege such an act, the court did not reach the remaining elements. While we

do not disagree with the court's conclusion regarding the first element, we conclude as well that, even if the complaint could be read to allege facts to satisfy that first element, it cannot be read to allege facts that would satisfy the third element of a state-created-danger claim, namely, that Officer Storment knew or should have known that his actions specifically endangered the plaintiff. Accordingly, for this reason, and for the reasons stated in the district court's opinion, we **AFFIRM**.